**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAKESH DHINGRA, | No. 19-16957 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00360-JCS |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding[**]

Submitted July 19, 2021[***]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Rakesh Dhingra appeals pro se from the district court's judgment dismissing

his action alleging constitutional violations arising from the application of the

International Megan's Law ("IML").  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Dhingra's action because Dhingra failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993) ("[A] law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice."); *United States v. Juvenile Male*, 670 F.3d 999, 1012-13 (9th Cir. 2012) (setting forth the requirements for substantive and procedural due process claims and concluding that individuals convicted of serious sex offenses do not have a fundamental right to be free from sex offender registration requirements).

The district court correctly found that to the extent Dhingra's claims rest on the implied invalidity of his criminal conviction, they are *Heck*-barred. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

We reject as without merit Dhingra's contentions regarding *Doe v. Kerry*, No. 16-cv-0654-PJH, 2016 WL 5339804 (N.D. Cal. Sept. 23, 2016).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Dhingra's request to stay this appeal, set forth in the opening brief, is denied.

**AFFIRMED.**